CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHASHI, INC., | ) |
| | ) Civil Action No.: 7:05cv00016 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| RAMADA WORLDWIDE, INC., d/b/a | ) |
| RAMADA FRANCHISE SYSTEMS, | ) |
| INC. | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Shashi, Inc. (Shashi) entered into a license agreement with defendant Ramada Franchise Systems, Inc. (Ramada), in 2002, which granted Shashi the right to operate its guest lodging facility in Salem, Virginia as a Ramada facility. In December 2004, after Shashi received failing marks on three separate quality inspections, Ramada terminated the agreement. Shashi filed suit in state court, seeking an injunction ordering Ramada to allow Shashi to continue operating as a Ramada facility. Invoking this court's diversity jurisdiction,[1] Ramada removed and countersued Shashi and its sole shareholders, officers, and directors, Pramod K. Sharma and Shashi Sharma ("the Sharmas"), who were guarantors of the license agreement. This matter is before the court on Ramada's motion for summary judgment. The court finds that no genuine issues of material fact remain and that Ramada is entitled to judgment as a matter of law. Accordingly, the court grants Ramada's motion for summary judgment and awards Ramada liquidated damages plus interest, damages for recurring fees plus interest, injunctive relief, and attorney's fees and costs.

---

[1] It is undisputed, for diversity purposes, that Shashi is an Ohio corporation with its principal place of business in Virginia, that the Sharmas are citizens of Virginia, and that Ramada is a Delaware corporation with its principal place of business in New Jersey.

# I.

In April 2002, Shashi entered into a license agreement with Ramada Franchise Systems, Inc. The agreement obligated Shashi to operate its existing guest lodging facility in Salem, Virginia as a Ramada facility for fifteen years. The parties agreed that New Jersey law governed the agreement.[2] The agreement permitted Shashi to use Ramada's marks and required Shashi to make certain renovations in order to meet Ramada's "System Standards," "Approved Plans," and "Punch Lists." The agreement also required Shashi to achieve scores at a certain level during Ramada's periodic quality inspections and to pay Ramada royalties and "recurring fees." In the agreement, Ramada retained the right to terminate the agreement with notice in the event that Shashi failed to make required monetary payments, failed to cure any default within thirty days of notice from Ramada, or received two or more notices of default within any one-year period. In the event of termination, Shashi agreed to remove all indicia of Ramada affiliation from its facility. Shashi also agreed to pay liquidated damages within 30 days of a termination, to pay attorney's fees and costs should Ramada file suit to enforce the agreement or to collect any monetary sums due, and to pay interest at a rate of 1.5% per month on any past-due sums owed under the license agreement..

It is uncontested that Ramada conducted quality inspections on February 11, 2003, March 23, 2004, and on October 19, 2004. The parties also agree that Ramada's inspectors assigned the

---

[2]Because this suit was filed in Virginia, Virginia's choice of law rules apply. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Under Virginia law, a choice of law clause is enforceable so long as it does not contravene public policy. See Tate v. Hain, 25 S.E.2d 321, 324 (1943). Because the choice of law clause at hand in no way contravenes the public policy of Virginia, it is enforceable, meaning New Jersey law applies to issues of contract interpretation.

2

Shashi facility a failing score on each of these inspections. The Shashi facility only failed the "food and beverage facility" portion of the February 11, 2003, inspection. In order for the hotel portion of the facility to pass the March and October exams, it needed to achieve scores of 400 and 435, respectively; however, it received failing scores of 271 and 339, failing the inspections by 129 and 96 points. Having already informed Shashi that failure of the October inspection would result in termination of the license agreement, on December 28, 2004, Ramada informed Shashi that it was exercising its right to terminate the agreement due to excessive defaults and demanded, among other things, that Shashi dissociate its facility from Ramada by removing all Ramada trademarks. As a consequence of the termination, Ramada removed the Shashi facility from its central reservation system, meaning that Ramada was no longer referring potential guests to the facility.

Upon receipt of Ramada's notice, Shashi filed suit in the Circuit Court for the City of Roanoke, seeking a temporary injunction that would require Ramada to allow Shashi to continue operating a Ramada and to reinstate the Shashi facility into the central reservation system. Ramada then removed to this court and filed a counterclaim against Shashi and the Sharmas, as guarantors of the license agreement, seeking an injunction requiring Shashi to remove all indicia of Ramada affiliation, liquidated damages of $103,000 plus interest, damages to cover $14,966.84 in past-due recurring fees plus interest, attorneys' fees and costs, and a post-termination accounting.

After a January 26, 2005, hearing on the matter, the court granted Ramada's motion for a preliminary injunction, and Shashi has stipulated to the conversion of the preliminary injunction into a permanent injunction, leaving only the issue of damages and attorney's fees and costs. On

August 5, 2005, the court conducted a hearing on Ramada's motion for summary judgment, at which Shashi claimed that genuine issues of material fact remain, including the question of whether Ramada's inspectors should have assigned failing scores to the Shashi facility. Shashi challenged deductions of 40 points for failure to complete "Punch List" items in the March inspection report and 20 points for guest complaints in the October inspection report, claiming that Ramada had waived the "Punch List" requirements and that inspectors had unfairly deducted points for complaints related to Ramada generally and not the Shashi facility specifically.

## II.

The court finds that there are no remaining genuine issues of material fact and that Ramada is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(e). Shashi claims that the validity of the inspection scores represents a triable issue of fact; however, even assuming that review of the inspection reports would be the province of the finder of fact, Shashi's claims of scoring error do not raise an issue of *material* fact because correction of the scoring errors claimed by Shashi would still leave the March and October inspection scores well below passing[3] and consequently would have no effect on Ramada's right to terminate the license agreement. Shashi does not deny that the license agreement is valid and binding, that the Shashi facility failed two inspections within one year, that the license agreement entitled Ramada to terminate with notice upon two such breaches, that Ramada did provide a notice of termination and did terminate the license agreement, that the license agreement entitles Ramada to certain recurring

---

[3] Addition of the 40 challenged points to the March inspection would yield a score of 311, while addition of the 20 challenged points to the October inspection would yield a score of 359. These scores would still fall below the passing scores of 400 and 435, respectively, for the two inspections.

fees,[4] that the license agreement entitles Ramada to certain liquidated damages upon default and termination, that the license agreement requires Shashi to pay interest on any past-due sums at a rate of 1.5% per month, and that the license agreement entitles Ramada to attorneys' fees and costs. Also, the Sharmas do not deny that they executed a valid guaranty of the license agreement in favor of Ramada, under which they assumed personal liability for any unmet obligations or unpaid sums. Thus, no material issues of fact remain, and the court finds that, because Shashi and the Sharmas have presented no defenses capable of defeating or avoiding the contractual obligations they have undertaken, Ramada is entitled to judgment as a matter of law.

## III.

Having rendered judgment, the court must impose an appropriate remedy. The valid license agreement calls for liquidated damages of $103,000 plus interest at 1.5% per month running from January 28, 2005.[5] Under New Jersey law,[6] a liquidated damages clause is enforceable so long as it is not unreasonable, and the party challenging the enforcement of the clause bears the burden of demonstrating unreasonableness. See Wasserman's Inc. v.

---

[4]Shashi claims that Ramada owes Shashi certain credits for past fees which Shashi paid under protest. Pramod Sharma mentions such credits in his affidavit, saying, "In 2004 Shashi contested fees charged by [Ramada] and paid those fees under protest. Shashi is entitled to a credit for the charges paid under protest." However, this cursory allegation is all that Shashi or Sharma has offered; neither has produced additional evidence to support the existence or magnitude of the credits. Accordingly, the court finds that Shashi has failed to demonstrate a genuine issue of material fact in relation to the alleged credits, and the court's judgment cannot and will not reflect the application of any such credits.

[5]See infra Appendix I.

[6]Virginia's choice of law rules apply, see supra n. 2, under which the law which governs contract interpretation also governs the validity and enforceability of a liquidated damages clause. See JKC Holding Co. LLC v. Washington Sports Ventures, Inc., 264 F.3d 459, 468 (4th Cir. 2001). Thus, New Jersey law governs this liquidated damages clause.

5

Middletown, 645 A.2d 100, 105-8 (N.J. 1994). Shashi has offered nothing to refute the reasonableness of the liquidated damages clause. Accordingly, the court awards Ramada $103,000 plus interest, as called for in the agreement. The license agreement also requires payment of recurring fees, and, according to the affidavit of Ramada's Senior Director of Franchise Administration, Sashi currently owes $14,966.84, which, under the agreement, is subject to interest at a rate of 1.5% per month running from December 28, 2004.[7] Shashi does not challenge these figures; accordingly, the court grants Ramada additional damages in the amount of $14,966.84 plus appropriate interest.

The license agreement also calls for attorney's fees and costs if Ramada takes legal action to enforce the agreement. Under New Jersey law,[8] a reasonable attorney's fees provision is enforceable. See Packard-Bamberger & Co., Inc. v. Collier, 771 A.2d 1194, 1202 (N.J. 2001) ("Although New Jersey generally disfavors the shifting of attorneys' fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.") (citations omitted). Counsel for Ramada has filed an affidavit stating that he has charged Ramada $27,432.42 in connection with this litigation. Shashi has not challenged this amount and the fees do not appear unreasonable, so the court awards Ramada $27,432.42 in attorney's fees.

Finally, Ramada seeks appropriate injunctive relief to prevent further use of its name and trademarks by Shashi or the Sharmas. Shashi has stipulated to the conversion of the court's preliminary injunction into a permanent injunction; therefore, the court grants injunctive relief

---

[7] See infra Appendix I.

[8] Virginia's choice of law rules apply, see supra n. 2, which dictate that the law governing contract interpretation also governs the validity and enforceability of an attorney's fees provision. See R.S. Oglesby Co. v. Bank of New York, 77 S.E. 468, 469-70 (Va. 1913).

6

accordingly.

## IV.

For the foregoing reasons, the court grants Ramada's motion for summary judgment and awards Ramada liquidated damages plus interest, damages for owed recurring fees plus interest, injunctive relief, and attorney's fees and costs.

ENTER: This 11th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE